UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Lorenzo Haynes,<br><br>           Plaintiff,<br><br>vs.<br><br>Samuel Iten, Ken Guggisberg, Nola Karow, Jeffery Felt, M.D., Diane Dau, Brent Plackner, P.A., Daryl Quiram, M.D., in their individual and official capacities,<br><br>           Defendants. | Court File No. 17-CV-05217 (DJD/HB)<br><br>**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS DIANE DAU, KEN GUGGISBERG, SAMUEL ITEN AND NOLA KAROW'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

## INTRODUCTION

Lorenzo Haynes ("Plaintiff"), *pro se*, brought suit against the above-named Defendants alleging claims under 42 U.S.C. § 1983. This memorandum is filed on behalf of Minnesota Department of Corrections ("DOC") employees Samuel Iten, Ken Guggisberg, Diane Dau and Nola Karow ("State Defendants"). Plaintiff also brings suit against non-state Defendants, Jeffrey Felt, M.D., Brent Plackner, P.A. and Daryl Quiram, M.D. All Defendants are sued in their individual and official capacities.

On February 26, 2018, State Defendants filed their Motion to Dismiss Amended Complaint, (Doc. 32.), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). State Defendants asserted that: (1) the Eleventh Amendment barred Plaintiff's claims for damages against DOC employees sued in their official capacities; (2) that DOC employees sued in their official capacities are not "persons" subject to suit under Section

1983; (3) that Plaintiff failed to state a viable section 1983 claim against Correctional Officers Iten and Guggisberg; (4) that Plaintiff failed to state a viable section 1983 claim against Health Service Administrators Karow and Dau; and (5) that Plaintiff failed to state a claim of discrimination.

After being fully briefed, the Magistrate issued a Report and Recommendation ("R&R"), recommending that State Defendants' Motion to Dismiss be granted in part. (Doc. 98.) Specifically, the Report and Recommendation recommended that all claims against State Defendants be dismissed, except for a single claim for deliberate indifference against Nola Karow in her individual capacity. See generally *Id.* Plaintiff did not file an objection to the R&R.

On August 13, 2018, the Court adopted the R&R in its entirety. (Doc. 104.) All official capacity claims were dismissed against State Defendants. *Id.* at 1-2. The gross negligence claims raised under 42 U.S.C § 1983 against Samuel Iten and Ken Guggisberg in their individual capacities were dismissed. *Id.* at 3. The deliberate indifference claim against raised under 42 U.S.C. § 1983 against Diane Dau in her individual capacity was dismissed. *Id.* The discrimination claims raised against Samuel Iten, Ken Guggisberg, Nola Karow and Diane Dau in their individual capacities were dismissed. *Id.* Although the Court noted that, in all other respects, the motion to dismiss was denied, the only claim against State Defendants not specifically dismissed by the Court was a deliberate indifference claim against Nola Karow in her individual capacity. Nola Karow filed her Answer on August 27, 2018.

While State Defendants' Motion to Dismiss was pending, Plaintiff moved for leave to amend his complaint for a second time. As noted by the Court in its Report and Recommendation (Doc. 98), "the newly asserted facts do not pertain to any of the Defendants that are the subject of the instant motion to dismiss, and the Court will address that motion in a separate order." (Doc. 98, fn. 1.) On July 25, 2018, the Magistrate issued another R&R recommending that Plaintiff be granted leave to file an amended complaint in the form Plaintiff proposed at Doc. 64. (Doc. 101.) On August 20, 2018, the Court adopted the R&R, granting Plaintiff leave to file his Second Amended Complaint. (Doc. 105.)

Plaintiff subsequently filed his Second Amended Complaint. (Doc. 107.) The Second Amended Complaint is identical to his previously filed Amended Complaint (Doc. 5.), except that it withdraws his medical malpractice claims which had been asserted against non-state Defendants Felt, Plackner, and Quiram. The Second Amended Complaint also contains new factual allegations against Plackner and Quiram related to Plaintiff's claim of discrimination. (Doc. 108, ¶52.) There are no new factual or legal allegations against State Defendants contained in the Second Amended Complaint. See generally *Id.*

Although State Defendants do not believe it was the Court's intention to grant Plaintiff leave to reassert the previously dismissed claims against State Defendants, to the extent that Plaintiff's Second Amended Complaint (Doc. 107) is now the operative complaint and reasserts the previously dismissed claims, State Defendants respectfully

ask that the Court dismiss the previously dismissed claims contained in Plaintiff's Second Amended Complaint (Doc. 107) for the same reasons detailed in their previously filed Motion to Dismiss (Doc. 32) as if fully set forth herein.

## CONCLUSION

For all of the aforementioned reasons, State Defendants respectfully ask the Court to dismiss the claims in Plaintiff's Second Amended Complaint as previously detailed in the R&R.

Dated: September 18, 2018

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota


s/ Jeffrey K. Boman
JEFFREY K. BOMAN
Assistant Attorney General
Atty. Reg. No. 0396253

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1013 (Voice)
(651) 282-5832 (Fax)
jeffrey.boman@ag.state.mn.us

ATTORNEY FOR STATE DEFENDANTS DIANE DAU, KEN GUGGISBERG, SAMUEL ITEN AND NOLA KAROW IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES