UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lorenzo C. Haynes, <br><br> Plaintiff, <br><br> v. <br><br> Samuel Iten, Ken Guggisberg, Nola Karow, Jeffery Felt, M.D., Diane Du, Brent Plackner, P.A., Daryl Quiram, M.D., *in their individual and official capacities* <br><br> Defendants. | Case No. 17-cv-5217 (DSD/HB) <br><br><br> **REPORT AND RECOMMENDATION** |

Lorenzo C. Haynes, 5730 Olson Memorial Hwy Golden Valley, MN 55422, *pro se*

Jeffrey Kent Boman, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for Samuel Iten, Ken Guggisberg, Diane Dau, and Nola Karow

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendants Diane Dau, Ken Guggisberg, Samuel Iten, and Nola Karow's (collectively the "State Defendants") Motion to Dismiss Plaintiff Lorenzo C. Haynes's ("Haynes") Second Amended Complaint ("Motion to Dismiss") [Doc. No. 124]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1 for a report and recommendation. For the reasons stated below, namely in the interest of clarity of the docket, the Court recommends granting the State Defendants' Motion to Dismiss to the extent the State Defendants seek to dismiss claims in Haynes's Second Amended

1

Complaint [Doc. No. 107] that were previously dismissed by the Honorable David S. Doty. *See* (Aug. 13, 2018 Order, "Aug. 13 Order" [Doc. No. 104].)

## I. Background

There has been a lot of motion practice in this case, both dispositive and nondispositive. A full recitation of the facts forming the basis of this lawsuit are found in the Court's previous July 20, 2018, and July 25, 2018, Reports and Recommendations [Doc. Nos. 98 and 101]—which are incorporated by reference—recommending that all claims against the State Defendants except for one against Nola Karow in her individual capacity be dismissed and allowing Haynes to amend his operative pleading to voluntarily dismiss a state law medical malpractice claim against Defendants Felt, Quiram, and Plackner ("Medical Defendants"). *See* (July 20, 2018 R&R); (July 25, 2018 R&R.) Judge Doty adopted both Reports and Recommendations in their entirety. *See* (Aug. 13 Order); (Aug. 20, 2018 Order "Aug. 20 Order" [Doc. No. 105].)  Haynes filed his Second Amended Complaint on August 31, 2018.

The State Defendants now move to dismiss the claims in Haynes's Second Amended Complaint that reiterate the claims previously dismissed in the August 13 Order.  *See* (Mem. in Supp. of State Defendants' Mot. to Dismiss [Doc. No. 127 at 3–4]); *see also* (Aug. 13 Order.)  Haynes does not object to the State Defendants Motion. *See* (Opp'n to Defs.' Mot. to Dismiss Pl.'s Second Compl. – Doc. 127 [Doc. No. 142].[1])

---

[1] While Haynes does not object to the instant motion, he filed an opposition brief that essentially argued the merits of his remaining claim against Defendant Nola Karow. That claim is not at issue in this motion and therefore Haynes' discussion of that claim is not pertinent to the Court's consideration here. If Karow moves for summary judgment,

2

## II.   Discussion

As an initial matter, the Court notes when Judge Doty granted Haynes Motion to Amend, he did not revive the previously dismissed claims. Specifically, Judge Doty construed Haynes's motion as "a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)." (Aug. 20 Order at 1.)  That is, nothing in Judge Doty's August 20 Order could be construed to suggest that the previously dismissed claims against the State Defendants were revived on this basis; Haynes's amendment was one of subtraction, not addition. Arguably, therefore, the State Defendants' instant motion is moot. *See Heglund v. Aitkin Cty.*, No. 14-cv-296 (ADM/LIB), 2015 WL 13659659, at *2 n.3 (D. Minn. Apr. 13, 2015) (Brisbois, Mag. J.) (allowing the inclusion of previously dismissed claims "noting that they are harmless and in no way do they undermine or reverse the dispositive nature of Judge Montgomery's Order as to these Defendants").

Nevertheless, in the interest of clarity of the docket, the Court recommends that the State Defendants' Motion to Dismiss be granted to the extent that it is consistent with the July 20 Report and Recommendation and Judge Doty's August 13 Order. Specifically, Judge Doty's Order dismissed all claims pursuant to Rules 12(b)(1) and 12(b)(6) against the State Defendants with the exception of a single claim against Defendant Nola Karow in her individual capacity for deliberate indifference of Haynes's medical needs. *See* (Aug. 13 Order); *see also* (July 20 R&R at 14.) As a result, Defendants' instant Motion to Dismiss should be granted to the same extent.

---

Haynes will have an opportunity to argue the merits of his claim at that time.

3

**III.   Recommendation**

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss [Doc. No. 124] be **GRANTED** pursuant to Rule 12(b)(1) with respect to claims asserted under 42 U.S.C. § 1983 against Defendants Samuel Iten, Ken Guggisberg, Nola Karow, and Diane Dau in their official capacities;

2. Defendants' Motion to Dismiss be **GRANTED** pursuant to Rule 12(b)(6) with respect to claims for gross negligence asserted under 42 U.S.C. § 1983 against Defendants Samuel Iten and Ken Guggisberg in their individual capacities;

3. Defendants' Motion to Dismiss be **GRANTED** pursuant to Rule 12(b)(6) with respect to claims asserted under 42 U.S.C. § 1983 for deliberate indifference to serous medical needs against Defendant Diane Dau in her individual capacity; and

4. Defendants' Motion to Dismiss be **GRANTED** pursuant to Rule 12(b)(6) with respect to claims asserted under 42 U.S.C. § 1983 for discrimination and violation of the Minnesota Human Rights Act against Defendants Samuel Iten, Ken Guggisberg, Nola Karow, and Diane Dau in their individual capacities.

Dated: October 18, 2018

                                      s/ *Hildy Bowbeer*
                                      HILDY BOWBEER
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation. A party may respond to the objections within fourteen days after being served with a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).