```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 17-5217 (DSD/HB)
```

Lorenzo Haynes,

        Plaintiff,

v.                                          **ORDER**

Samuel Iten, Ken Guggisberg, Nola
Karow, Jeffery Felt, M.D., Diane Dau,
Brent Plackner, P.A., Daryl Quiram,
M.D., in their individual and official
capacities,

        Defendants.

    This matter is before the court upon the objection by pro se plaintiff Lorenzo Haynes to the July 19, 2019, report and recommendation (R&R) of Magistrate Judge Hildy Bowbeer. The court reviews the R&R de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).

    The background of this case is fully set forth in the R&R, and the court will not repeat it here except as necessary. After a thorough review of the file and record, the court finds that the R&R is well-reasoned and correct.

    Haynes argues that the magistrate judge erred in concluding that he failed to raise a genuine issue of material fact as to whether defendants Nola Karow, Jeffery Felt, Brent Plackner, and

Daryl Quiram (collectively, defendants)[1] were deliberately indifferent to his serious medical needs, and therefore subjected him to cruel and unusual punishment in violation of the Eighth Amendment. See generally ECF No. 260. The court disagrees.

In his objection, Haynes raises many of the same arguments made before the magistrate judge. A number of these arguments can be summarized as an objection to the magistrate judge's conclusion that summary judgment is appropriate despite the differences in care Haynes received while in prison versus the care he has received since his release. Haynes asserts that defendants should have "provided the same standard of treatment, care, tests, medications, and devices/accessories that was in fact provided for him once he was released." ECF No. 270 at 3. The appropriate standard of care, Haynes contends, would have included a referral to a specialist to address his back and ankle pain. ECF No. 260 at 8-9. Haynes argues that summary judgment is not appropriate because defendants' failure to make a referral like his current doctor did shows that there are genuine issues of material fact as to whether defendants were deliberately indifferent to his serious medical need. See generally ECF Nos. 260, 270. To support this argument, Haynes cites to § 2:2 of the September 2019 Update of the Medical Malpractice: Checklists and Discovery manual, which

---

[1] The court previously dismissed all claims against the other named defendants in this matter. See ECF Nos. 104, 105.

2

states that a general practitioner's failure to refer a patient to a specialist under certain circumstances may render the general practitioner subject to the same legal duty as a specialist in the field. See ECF No. 271, Ex 1.

The standard to show that a provider was deliberately indifferent to a serious medical need "is akin to 'criminal recklessness.'" ECF No. 258 at 11 (citing Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003)). As the magistrate judge correctly pointed out, Haynes's claims that defendants deviated from the appropriate standard of care sound in negligence or medical malpractice. Id. at 13. Indeed, such arguments do not support a constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." Dulaney v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)). The fact that defendants' "method of physical examination and treatment may not have followed community standards, or that [defendants] disagreed with [Haynes's] suggested course of treatment does not amount to deliberate indifference in violation of the Eighth Amendment." Bellecourt v. U.S., 994 F.2d 427, 431 (8th Cir. 1993) (citing Estelle, 429 U.S. at 106). The record in this case makes clear that defendants acted in good faith to diagnose and treat Haynes's

3

injuries; the mere fact that Haynes's outside doctors undertook a different course of treatment does not mean defendants were deliberately indifferent. See id.

Haynes next asserts that, by presenting "impeachment" evidence in the form of allegedly inconsistent interrogatory responses, he raised a genuine issue of material fact as to whether Karow was deliberately indifferent to his serious medical needs. ECF No. 242; id., Ex. 1. Although the court does not weigh credibility on motions for summary judgment, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), no such determination is needed here. The court has reviewed the alleged impeachment material and finds that Karow's responses are not inconsistent. Rather, she first responds by explaining her standard procedure in various situations described in the interrogatories. See, e.g., ECF No. 242, Ex. 1 at 4. She concludes by stating that she does not recall her exact response with regard to the situations involving Haynes. Id. A statement describing her standard response to a situation is not inconsistent with a statement that she does not remember her exact response to a specific situation, and thus Karow's interrogatory responses do not impeach her.

Haynes also contends that the magistrate judge erred in recommending summary judgment because she failed to address certain facts that Haynes believes create a genuine issue of

4

material fact. See generally ECF No. 260. Despite Haynes's belief that there are genuine issues of material fact, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Villanueva v. City of Scottsbluff, 779 F.3d 507, 510 (8th Cir. 2015) (quoting Anderson, 477 U.S. at 248). After review of the filings and evidence presented on summary judgment, the court determines that the magistrate judge properly considered all of the evidence and alleged factual disputes. The facts raised by Haynes in his objection, but not explicitly addressed by the magistrate judge in the R&R, are not relevant to the outcome of this case. As such, the magistrate judge did not err in declining to address them.

Finally, Haynes asserts that all of these alleged errors by the magistrate judge show that she was biased against him. ECF No. 260, at 16, 20, 26. Haynes's claim of judicial bias must be factually substantiated. Nerison v. Solem, 715 F.2d 415, 416–417 (8th Cir. 1983) (stating that a judge's familiarity with a party and his prior legal proceedings does not "automatically or inferentially" establish judicial bias; judicial bias claims must be factually substantiated). Further, an unfavorable judicial ruling on its own "does not raise an inference of bias." Harris v. State of Missouri, 960 F.2d 738, 740 (8th Cir. 1992). Haynes

presents no factual basis for his allegation of judicial bias other than his disagreement with the magistrate judge's recommendations. ECF No. 260 at 16, 20, 26. To the contrary, Magistrate Judge Bowbeer's thorough and fair analysis of Haynes's claims evidences her unbiased and unprejudiced review of the record. See generally ECF No. 258.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection [ECF No. 260] to the magistrate judge's R&R is overruled;

2. The magistrate judge's R&R [ECF No. 258] is adopted in its entirety;

3. Defendants' motions for summary judgment [ECF Nos. 160, 216] are granted; and

4. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 30, 2019

                                              s/David S. Doty_____
                                              David S. Doty, Judge
                                              United States District Court